# EXHIBIT "A"

**de LUCA LEVINE LLC**
**BY: RAYMOND E. MACK**
**IDENTIFICATION NO.: 91815**
**BY: JAMES P. CARFAGNO**
**IDENTIFICATION NO.: 82960**
**301 E. GERMANTOWN PIKE, 3rd FLOOR**
**EAST NORRITON, PA 19401**
**(215) 383-0081**

**ATTORNEYS FOR PLAINTIFFS**
**VICTOR MAJORS AND ETTA DAVIS**

Filed and Attested by the
Office of Judicial Records
11 NOV 2025 01:37 pm
S. RICE

**VICTOR MAJORS AND ETTA DAVIS**
221 Union Avenue
Coatesville, PA 19320

**Plaintiffs**

**v.**

**SAMSUNG ELECTRONICS AMERICA, INC.**
700 Sylvan Avenue
Englewood Cliffs, NJ 07632

**AND**

**HOME DEPOT U.S.A., INC.**
2455 Paces Ferry Road
Atlanta, GA 30339

**AND**

**THE HOME DEPOT, INC.**
2455 Paces Ferry Road
Atlanta, GA 30339

**AND**

**ABC MANUFACTURING COMPANY(IES) 1-5, fictitious names of fictitious entities**

**AND**

**ABC SALES COMPANY(IES) 1-5, fictitious names of fictitious entities**

**Defendants**

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA**

**CIVIL ACTION NO:**

**JURY TRIAL DEMANDED**

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiffs. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

## AVISO

Le han demandado a usted en la corte. Si used quiere defenderse de estas demandas expuestas en las paginas siquientes, used tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objectiones a las demandas en contra de su persona. Sea avisado qui si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTS. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAMEPOR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PURDE CONSEQUIR.

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**
**TTY (215) 451-6197**

**de LUCA LEVINE LLC**
**BY: RAYMOND E. MACK**
**IDENTIFICATION NO.: 91815**
**BY: JAMES P. CARFAGNO**
**IDENTIFICATION NO.: 82960**
**301 E. GERMANTOWN PIKE, 3rd FLOOR**
**EAST NORRITON, PA 19401**
**(215) 383-0081**

**ATTORNEYS FOR PLAINTIFFSS, VICTOR MAJORS AND ETTA DAVIS**

| | |
|---|---|
| **VICTOR MAJORS AND ETTA DAVIS**<br>221 Union Avenue<br>Coatesville, PA 19320<br><br>**Plaintiffss**<br>**v.**<br><br>**SAMSUNG ELECTRONICS AMERICA, INC.**<br>85 Challenger Road<br>Ridgefield Park, NJ 07660<br><br>**AND**<br><br>**HOME DEPOT U.S.A., INC.**<br>2455 Paces Ferry Road<br>Atlanta, GA 30339<br><br>**AND**<br><br>**THE HOME DEPOT, INC.**<br>2455 Paces Ferry Road<br>Atlanta, GA 30339<br><br>**AND**<br><br>**ABC MANUFACTURING COMPANY(IES) 1-5, fictitious names of fictitious entities**<br><br>**AND**<br><br>**ABC SALES COMPANY(IES) 1-5, fictitious names of fictitious entities**<br><br>**Defendants** | **IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA**<br><br>**CIVIL ACTION NO:**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' COMPLAINT**

Plaintiffs, Victor Majors and Etta Davis, by and through their undersigned counsel, de Luca Levine, LLC, hereby demands judgment against Defendants, and complains against them as follows:

**PARTIES**

1. Plaintiffs, Victor Majors and Etta Davis, are adult individuals, and at all times relevant hereto, owned the property located at 221 Union Avenue, Coatesville, PA 19320,

2. Defendant, Samsung Electronics America, Inc. (hereinafter "Samsung") is a corporation existing under the laws of the State of New Jersey with its principal place of business located at 85 Challenger Road, Ridgefield Park, NJ 07660, and was authorized to do business within the Commonwealth of Pennsylvania. Samsung regularly conducts business in Philadelphia County, Pennsylvania.

3. At all times relevant hereto, Samsung was in the business of designing, manufacturing, assembling, selling, distributing and/or marketing ranges, and – pursuant thereto – did design, manufacture, assemble, sell, distribute and/or market the range at issue in this action (hereinafter the "subject range" and/or "product").

4. Defendant, Home Depot U.S.A., Inc., is a business entity organized under the laws of the State of Georgia, with its principal place of business located at 2455 Paces Ferry Road, Atlanta, GA 30339, and was authorized to do business within the Commonwealth of Pennsylvania. Home Depot U.S.A., Inc. regularly conducts business in Philadelphia County, Pennsylvania.

5. At all times relevant hereto, Home Depot U.S.A., Inc. was in the business of installing, delivering, designing, manufacturing, assembling, selling, distributing and/or marketing

ranges, and – pursuant thereto – did install, deliver, design, manufacture, assemble, sell, distribute and/or market the subject range.

6. Defendant, The Home Depot, Inc., is a business entity organized under the laws of the State of Georgia, with its principal place of business located at 2455 Paces Ferry Road, Atlanta, GA 30339, and was authorized to do business within the Commonwealth of Pennsylvania. The Home Depot, Inc. regularly conducts business in Philadelphia County, Pennsylvania.

7. At all times relevant hereto, The Home Depot, Inc. was in the business of installing, delivering, designing, manufacturing, assembling, selling, distributing and/or marketing ranges, and – pursuant thereto – did install, deliver, design, manufacture, assemble, sell, distribute and/or market the subject range.

8. Defendants, ABC Manufacturing Companies 1-5, are fictitious names of entities, the identity of whom are not presently known to Plaintiffs.

9. At all times relevant hereto, ABC Manufacturing Companies 1-5 were in the business of designing, manufacturing, assembling, selling, distributing and/or marketing ranges, and – pursuant thereto – did design, manufacture, assemble, sell, distribute and/or market the subject range.

10. Defendants, ABC Sales Companies 1-5, are fictitious names of entities, the identity of whom are not presently known to Plaintiffs.

11. At all times relevant hereto, ABC Sales Companies 1-5 were in the business of installing, designing, manufacturing, assembling, selling, distributing and/or marketing ranges, and – pursuant thereto – did install, design, manufacture, assemble, sell, distribute and/or market the subject range.

**JURISDICTION AND VENUE**

12. This Court has jurisdiction over the Defendants because the Defendants either have their principal place of business in Pennsylvania, is incorporated in Pennsylvania, or is registered to do business in Pennsylvania, has consented to jurisdiction in Pennsylvania and/or does sufficient business in, or has sufficient minimum contacts with, or otherwise intentionally avails itself of the markets of the Commonwealth of Pennsylvania through its business operations in Pennsylvania.

13. Venue is properly laid in Philadelphia County pursuant to Pennsylvania Rule of Civil Procedure 1006, including because Defendants can be served here and/or the cause of action arose here and/or the transaction or occurrence took place here and/or the property which is the subject matter of the action is located here and/or Defendants regularly conduct business in Philadelphia County, Commonwealth of Pennsylvania.

**STATEMENT OF FACTS**

14. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

15. Prior to July 17, 2024, Plaintiffs, Victor Majors and Etta Davis purchased the subject Samsung range from Home Depot U.S.A., Inc. and/or The Home Depot, Inc. and/or ABC Sales Company(ies) 1-5. The purchase invoice for the same is attached here to as Exhibit "A".

16. After the purchase of the subject range, Plaintiffs used the subject range for cooking. They did not use it for any other purpose.

17. On or about July 17, 2024, no one was present at the subject property. Further no one was actively or intentionally using the subject range for the particular purpose to which the subject range was intended, such as using the subject range for cooking.

18. Upon information and belief, and prior to and/or on or about July 17, 2024, Victor Majors and/or Etta Davis one of their three children residing at the subject property, "bumped", and/or made inadvertent contact with t control knobs for the subject range's surface heating elements (i.e. burners). This inadvertent contact or "jump/bump" caused the subject range's surface heating element to actuate inadvertently, which then ignited combustibles at or near the range causing fire damages to the subject property. No one was present at the property during the initiation of the blaze.

19. A subsequent investigation conducted after the loss determined the aforesaid damage was caused directly and proximately by a malfunction and/or defect which caused the burner control knobs to operate inadvertently and ignite a fire.

20. The aforementioned defect allowed the control knobs to be inadvertently turned to the "on" position. The knobs were designed to turn the stovetop burners on with two discrete actions: the user pushes the knob inwards, then rotates it to the "on" position to actuate the burner. Because of the low level of force required to push the knobs in and the slight distance the knobs must turn to actuate the burners, the subject range was susceptible to being turned "on" with one continuous motion. As such, the burners could be accidentally actuated with the slightest touch, bump, or brush.

21. Further, the subject range was defective in that it did not have any guards over the knobs to reduce the risk of inadvertent actuation, nor did the oven door handle act as an effective barrier between a user and the knobs, rendering the product to be hazardous and unsafe for use by the typical consumer such as Plaintiffs.

22. Defendant, Samsung further acknowledges the range's susceptibility to actuate inadvertently in its user manual. On page 8 of the user's manual, albeit in relatively fine print, the

manual states: “Do not lean on the range as you may turn the control knobs inattentively” exhibiting Samsung’s prior knowledge of the defect *prior* to the fire. There are no other warnings regarding inadvertent actuation in the user manual.

23. The danger posed by the product would have clearly been foreseeable to the Defendants. Such an incident would have been prevented by employing better safety mechanisms which prevent the inadvertent operation of the subject stove, including, but not limited to, the addition of buttons and/or locks on the control knobs, the addition of a keypad button to the range’s electric center control console which would activate power to the control knobs to be turned on or off, the addition of a predominate blinking and/or flashing light which indicates when any of the range’s knobs have been turned to the “on” position, the adoption and/or usage of three-operation activation knobs or “squeeze-push-and-turn knobs”, or the removal of control knobs altogether for an electronic key/button control pad amongst many other potential alternative safer designs.

24. In addition, Underwriters Laboratory, commonly known as “UL” which is widely known for its safety standard guidelines explicitly addresses household electric range control knobs. UL Standard 858, section 42.1 states in pertinent part “The control for a surface unit shall require a minimum of two operations to activate the surface unit”. While Defendant, Samsung may have intended to meet this standard, the ability for the subject range to have become activated by a single continuous motion demonstrates Samsung’s shortcomings with regard to this standard. Further, it should be noted that UL establishes *minimum* safety standards. Manufacturers of household consumer products, such as Defendant Samsung, should strive to not just to meet voluntary minimum safety standards, but to far exceed them.

25. Nevertheless, Samsung’s intended two-operation design of the subject range was inadequate. The two-operation activation design utilized by Samsung breaks down two distinct

conscious movements being required for use of the control knobs in order to intentionally active the burners. First by applying a certain amount of force or weight to the knob, i.e. pushing the knob in, followed by deliberate turning of the knob while the force or "pushing in" pressure was still being applied by the user. This design is inherently defective.

26. Rather, Samsung could have, and should have, opted for a two-operation design which would require the user to first pull the control knob outward towards the user, followed by deliberate turning of the knob, thus reducing the risk of a "bump" or other inadvertent contact with the knob resulting in the actuation of the range, while still meeting the aforementioned UL standard.

27. As outlined above, due to a manufacturing defect, the subject range was able to be turned to the "on" position by a single continuous motion, rather than the two deliberate motions required, rendering it defective, hazardous, and unsafe. The single continuous motion actuation of the subject range clearly differs from Samsung's intended design of its two-operation activation.

28. As a direct and proximate result of the aforementioned defects, Plaintiff sustained the damages described herein in an amount in excess of $200,000.00.

**COUNT I – NEGLIGENCE**
**PLAINTIFF v. DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.**

29. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

30. Defendant Samsung owed Plaintiffs a duty of reasonable care in regard to the manufacture, assembly, design, inspection, marketing and distribution, *inter alia*, of the product.

31. The damages suffered by Plaintiffs as described above were the direct and proximate result of negligence, carelessness, and/or other unlawful conduct of the Defendant

Samsung – itself, as well as by and through its employees, agents, technicians, suppliers and/or servants – more specifically described as follows:

a. failing to exercise reasonable care in the following manner:

i. failing to manufacture, assemble, sell, design, transport, distribute and/or market a properly functioning product;

ii. failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;

iii. failing to provide safe and adequate warnings or instructions with the product;

iv. manufacturing, marketing, distributing and/or selling the product when Defendant, Samsung knew or should have known that the product and/or its component parts would be inadequate for the reasons for which it was purchased;

v. designing, manufacturing, marketing, distributing and/or selling the aforementioned subject product that is unreasonably dangerous and/or hazardous;

vi. designing, manufacturing, marketing, distributing and/or selling the subject product and failing to eliminate the avoidable danger of inadvertent actuation of the product;

vii. failing to conform its conduct in designing, manufacturing, marketing, distributing and/or selling the aforementioned subject product, when it knew, or should have known, that its products had the dangerous and hazardous propensity of inadvertent actuation by accidental contact by humans or pets;

viii. failing to offer consumers, such as Plaintiffs, a less-hazardously designed and/or formulated product that would perform comparably to the actual product sold without its inherent damages (including its propensity of inadvertent actuation) such as the adoption and/or usage of three-operation activation knobs or "squeeze-push-and-turn knobs", amongst others;

ix. failing to adequately warn Plaintiffs and other consumers or users that the subject product was susceptible to inadvertent actuation;

x. failing to provide Plaintiffs and other consumers or users of the subject product with adequate and conspicuous warnings concerning the safe

use of the subject product, which possess the dangerous and/or hazardous propensity of inadvertent actuation, as the subject product did not provide:

1. warnings that were adequately prominent and conspicuous regarding the risk of inadvertent actuation;
2. warning that were prominently and conspicuously written to warn of the risk of inadvertent actuation;

xi. failing to provide Plaintiffs and other consumers or users of the subject product with adequate information, instructions or warnings concerning the safe usage of the product, as the subject product did not provide:

1. instructions that were adequately prominent and conspicuous;
2. warnings that were prominently and conspicuously written regarding inadvertent actuation;
3. instructions employing wording, location in the user manual that would adequately draw the user's attention to the inadvertent actuation risk; and/or
4. instructions employing wording that would clearly and adequately instruct as to the proper usage of the product employing universally understandable terms; and/or

xii. designing, manufacturing, marketing, distributing and/or selling a product that Defendant knew, or should have known, was defective and unreasonably dangerous to consumers and other users, due to its risk of inadvertent actuation (which Defendant knew was often unrecognized, or under-appreciated, or simply overlooked or forgotten about);

b. failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

c. failing to adequately warn the Plaintiff and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

d. failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e. failing to properly monitor the work of all agents and/or employees during the performance of the tasks set forth in subparagraph (a) above to ensure compliance with applicable safety procedures;

f. failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above;

g. failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

h. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

32. As a direct and proximate result of this negligence, and such negligence having resulted in the damages Plaintiffs sustained, the Defendant Samsung became liable to Plaintiffs.

33. As a direct and proximate result of the Defendant Samsung's aforementioned actions, and/or omissions, Defendant Samsung acted negligently or carelessly, and is therefore liable to the Plaintiffs for the damages suffered.

34. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $200,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant, Samsung Electronics America, Inc. jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an amount in excess of $200,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT II – STRICT LIABILITY**
**PLAINTIFF v. DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.**

35. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

36. Defendant Samsung is engaged, and at all times relevant hereto were engaged, in the business of, *inter alia*, designing, assembling, manufacturing, selling, distributing and/or marketing, *inter alia*, appliances, and, specifically did so with the product at issue in this case.

37. Plaintiffs were the intended users/consumers of the subject product that was manufactured, designed, assembled, distributed, marketed, and/or sold by Samsung.

38. Defendant Samsung manufactured, marketed, distributed, and/or sold the subject range in a defective condition, unreasonably dangerous to consumers.

39. Defendant Samsung knew or should have known that the product would, and did, reach the Plaintiffs without substantial change in the condition in which originally manufactured, distributed and sold.

40. The aforementioned defects consisted of:

a. design defects, including, but not limited to:
   i. designing a product that was able to be turned to the "on" position by a single continuous motion;
   ii. designing a product that had the propensity for inadvertent actuation by accidental contact by humans or pets;
   iii. designing a product that failed to conform to its intended design of two-operation activation;
   iv. designing a product that did not have any guards over the knobs to reduce the risk of inadvertent actuation;
   v. designing a product that failed to employ safety mechanisms which would have prevented the inadvertent operation of the product; such as
      1. the addition of buttons and/or locks on the control knobs;
      2. the addition of a keypad button to the range's electric center control console which would activate power to the control knobs to be turned on or off;
      3. the addition of a predominate blinking and/or flashing light which indicates when any of the range's knobs have been turned to the "on" position;
      4. the adoption and/or usage of three-operation activation knobs or "squeeze-push-and-turn knobs";
      5. the removal of control knobs altogether for an electronic key/button control pad
   vi. designing a product that failed to eliminate the avoidable danger of inadvertent actuation of the product;

b. manufacturing defects, including, but not limited to:
   i. manufacturing a product that was able to be turned to the "on" position by a single continuous motion;
   ii. manufacturing a product that had the propensity for inadvertent actuation by inadvertent contact by humans or pets;

iii. manufacturing a product that failed to conform to its intended design of two-operation activation;
iv. manufacturing a product that did not have any guards over the knobs to reduce the risk of inadvertent actuation;
v. manufacturing a product that failed to employ safety mechanisms which would have prevented the inadvertent operation of the product; such as
    1. the addition of buttons and/or locks on the control knobs;
    2. the addition of a keypad button to the range's electric center control console which would activate power to the control knobs to be turned on or off;
    3. the addition of a predominate blinking and/or flashing light which indicates when any of the range's knobs have been turned to the "on" position;
    4. the adoption and/or usage of three-operation activation knobs or "squeeze-push-and-turn knobs";
    5. the removal of control knobs altogether for an electronic key/button control pad amongst many other alternative safer designs.
vi. manufacturing a product that failed to eliminate the avoidable danger of inadvertent actuation of the product;

c. component defects;

d. use-instruction and/or warnings, including, but not limited to:
    i. failing to provide Plaintiffs and other consumers or users of the subject product with adequate and conspicuous warnings concerning the safe use of the subject product, which possess the dangerous and/or hazardous propensity of inadvertent actuation, as the subject product did not provide:
        1. warnings that were adequately prominent and conspicuous;
        2. warning that were in a prominent and conspicuous location;
        3. warnings employing wording, that would adequately draw the user's attention to the inadvertent actuation risk; and/or
        4. warnings employing wording, that would clearly and adequately warn consumers as to such inadvertent actuation risk employing universally understandable terms;
        5. the use of a predominate blinking and/or flashing light which indicates when any of the range's knobs have been turned to the "on" position;

e. a failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe use instructions, including, but not limited to:

i. failing to provide Plaintiffs and other consumers or users of the subject product with adequate information, instructions or warnings concerning the safe usage of the product, as the subject product did not provide:
   1. warnings that were adequately prominent and conspicuous;
   2. warning that were in a prominent and conspicuous location in the user manual;
   3. warnings employing wording, that would adequately draw the user's attention to the inadvertent actuation risk; and/or
   4. warnings employing wording, that would clearly and adequately warn as to such inadvertent actuation risk employing universally understandable terms;
   5. the use of a predominate blinking and/or flashing light which indicates when any of the range's knobs have been turned to the "on" position;

f. the subject product, based upon its risks, was designed and manufactured in a defective and unreasonably dangerous manner when considered under the Pennsylvania Supreme Court's "consumer expectations" test, "risk-utility" test, both or otherwise.

41. As a direct and proximate result of such defects, Plaintiffs sustained and incurred damage to their real property, as well as the imposition of additional expenses and hardship.

42. For these reasons, Defendant Samsung is strictly liable to Plaintiffs for the damages stated herein under Section 402A of the Restatement (2d) of Torts and the applicable case law of the Commonwealth of Pennsylvania.

43. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $200,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant, Samsung Electronics America, Inc. jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an in excess of $200,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT III – BREACH OF IMPLIED WARRANTY OF MERCHANTIABILITY**

**PLAINTIFF v. DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.**

44. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

45. Defendant Samsung breached its implied warranty of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c) in that the subject product was not fit for the ordinary uses for which the subject product was used.

46. Plaintiffs' damages as set forth above occurred as a direct and proximate result of the breach by Defendant Samsung of its implied warranties of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c).

47. Plaintiffs have met any and all conditions precedent to recovery for such breaches.

48. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $200,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant, Samsung Electronics America, Inc. jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in excess of $200,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT IV – NEGLIGENCE**
**PLAINTIFF v. DEFENDANT HOME DEPOT U.S.A., INC.**

49. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

50. Defendant Home Depot U.S.A., Inc. owed Plaintiffs a duty of reasonable care in regard to the manufacture, assembly, design, inspection, marketing and distribution, *inter alia*, of the product.

51. The damages suffered by Plaintiffs as described above were the direct and proximate result of negligence, carelessness, and/or other unlawful conduct of the Defendant Home Depot U.S.A., Inc. – itself, as well as by and through its employees, agents, technicians, suppliers and/or servants – more specifically described as follows:

a. failing to exercise reasonable care in the following manner:

i. failing to manufacture, assemble, sell, design, transport, distribute and/or market a properly functioning product;

ii. failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;

iii. failing to provide safe and adequate warnings or instructions with the product;

iv. manufacturing, marketing, distributing and/or selling the product when Defendant, Home Depot U.S.A., Inc. knew or should have known that the product and/or its component parts would be inadequate for the reasons for which it was purchased;

v. designing, manufacturing, marketing, distributing and/or selling the aforementioned subject product that is unreasonably dangerous and/or hazardous;

vi. designing, manufacturing, marketing, distributing and/or selling the subject product and failing to eliminate the avoidable danger of inadvertent actuation of the product;

vii. failing to conform its conduct in designing, manufacturing, marketing, distributing and/or selling the aforementioned subject product, when it knew, or should have known, that its products had the dangerous and hazardous propensity of inadvertent actuation by accidental contact by humans or pets;

viii. failing to offer consumers, such as Plaintiffs, a less-hazardously designed and/or formulated product that would perform comparably to

the actual product sold without its inherent damages (including its propensity of inadvertent actuation) such as the adoption and/or usage of three-operation activation knobs or "squeeze-push-and-turn knobs", amongst others;

ix. failing to adequately warn Plaintiffs and other consumers or users that the subject product was susceptible to inadvertent actuation;

x. failing to provide Plaintiffs and other consumers or users of the subject product with adequate and conspicuous warnings concerning the safe use of the subject product, which possess the dangerous and/or hazardous propensity of inadvertent actuation, as the subject product did not provide:
   1. warnings that were adequately prominent and conspicuous regarding the risk of inadvertent actuation;
   2. warning that were prominently and conspicuously written to warn of the risk of inadvertent actuation;

xi. failing to provide Plaintiffs and other consumers or users of the subject product with adequate information, instructions or warnings concerning the safe usage of the product, as the subject product did not provide:
   1. instructions that were adequately prominent and conspicuous;
   2. warnings that were prominently and conspicuously written regarding inadvertent actuation;
   3. instructions employing wording, location in the user manual that would adequately draw the user's attention to the inadvertent actuation risk; and/or
   4. instructions employing wording that would clearly and adequately instruct as to the proper usage of the product employing universally understandable terms; and/or

xii. designing, manufacturing, marketing, distributing and/or selling a product that Defendant knew, or should have known, was defective and unreasonably dangerous to consumers and other users, due to its risk of inadvertent actuation (which Defendant knew was often unrecognized, or under-appreciated, or simply overlooked or forgotten about);

b. failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

c. failing to adequately warn the Plaintiff and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

d. failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e. failing to properly monitor the work of all agents and/or employees during the performance of the tasks set forth in subparagraph (a) above to ensure compliance with applicable safety procedures;

f. failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above;

g. failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

h. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

52. As a direct and proximate result of this negligence, and such negligence having resulted in the damages Plaintiffs sustained, the Defendant Home Depot U.S.A., Inc. became liable to Plaintiffs.

53. As a direct and proximate result of the Defendant Home Depot U.S.A., Inc.'s aforementioned actions, and/or omissions, Defendant Home Depot U.S.A., Inc. acted negligently or carelessly, and is therefore liable to the Plaintiffs for the damages suffered.

54. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $200,000.00.

**WHEREFORE**, Plaintiff respectfully request judgment against Defendant, Home Depot U.SA., Inc. jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an amount in excess of $200,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT V – STRICT LIABILITY**
**PLAINTIFF v. DEFENDANT HOME DEPOT U.S.A., INC.**

55. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

56. Defendant Home Depot U.S.A., Inc. is engaged, and at all times relevant hereto were engaged, in the business of, *inter alia*, designing, assembling, manufacturing, selling, distributing and/or marketing, *inter alia*, appliances, and, specifically did so with the product at issue in this case.

57. Plaintiffs were the intended users/consumers of the subject product that was manufactured, designed, assembled, distributed, marketed, and/or sold by Home Depot U.S.A., Inc..

58. Defendant Home Depot U.S.A., Inc. manufactured, marketed, distributed, and/or sold the subject range in a defective condition, unreasonably dangerous to consumers.

59. Defendant Home Depot U.S.A., Inc. knew or should have known that the product would, and did, reach the Plaintiffs without substantial change in the condition in which originally manufactured, distributed and sold.

60. The aforementioned defects consisted of:

a. design defects, including, but not limited to:
   i. designing a product that was able to be turned to the "on" position by a single continuous motion;
   ii. designing a product that had the propensity for inadvertent actuation by accidental contact by humans or pets;
   iii. designing a product that failed to conform to its intended design of two-operation activation;
   iv. designing a product that did not have any guards over the knobs to reduce the risk of inadvertent actuation;
   v. designing a product that failed to employ safety mechanisms which would have prevented the inadvertent operation of the product; such as
      1. the addition of buttons and/or locks on the control knobs;
      2. the addition of a keypad button to the range's electric center control console which would activate power to the control knobs to be turned on or off;

3. the addition of a predominate blinking and/or flashing light which indicates when any of the range's knobs have been turned to the "on" position;
4. the adoption and/or usage of three-operation activation knobs or "squeeze-push-and-turn knobs";
5. the removal of control knobs altogether for an electronic key/button control pad

vi. designing a product that failed to eliminate the avoidable danger of inadvertent actuation of the product;

b. manufacturing defects, including, but not limited to:

i. manufacturing a product that was able to be turned to the "on" position by a single continuous motion;

ii. manufacturing a product that had the propensity for inadvertent actuation by inadvertent contact by humans or pets;

iii. manufacturing a product that failed to conform to its intended design of two-operation activation;

iv. manufacturing a product that did not have any guards over the knobs to reduce the risk of inadvertent actuation;

v. manufacturing a product that failed to employ safety mechanisms which would have prevented the inadvertent operation of the product; such as

1. the addition of buttons and/or locks on the control knobs;
2. the addition of a keypad button to the range's electric center control console which would activate power to the control knobs to be turned on or off;
3. the addition of a predominate blinking and/or flashing light which indicates when any of the range's knobs have been turned to the "on" position;
4. the adoption and/or usage of three-operation activation knobs or "squeeze-push-and-turn knobs";
5. the removal of control knobs altogether for an electronic key/button control pad amongst many other alternative safer designs.

vi. manufacturing a product that failed to eliminate the avoidable danger of inadvertent actuation of the product;

c. component defects;

d. use-instruction and/or warnings, including, but not limited to:

i. failing to provide Plaintiffs and other consumers or users of the subject product with adequate and conspicuous warnings concerning the safe use of the subject product, which possess the dangerous and/or hazardous propensity of inadvertent actuation, as the subject product did not provide:

1. warnings that were adequately prominent and conspicuous;
2. warning that were in a prominent and conspicuous location;

3. warnings employing wording, that would adequately draw the user's attention to the inadvertent actuation risk; and/or
4. warnings employing wording, that would clearly and adequately warn consumers as to such inadvertent actuation risk employing universally understandable terms;
5. the use of a predominate blinking and/or flashing light which indicates when any of the range's knobs have been turned to the "on" position;

e. a failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe use instructions, including, but not limited to:
   i. failing to provide Plaintiffs and other consumers or users of the subject product with adequate information, instructions or warnings concerning the safe usage of the product, as the subject product did not provide:
      1. warnings that were adequately prominent and conspicuous;
      2. warning that were in a prominent and conspicuous location in the user manual;
      3. warnings employing wording, that would adequately draw the user's attention to the inadvertent actuation risk; and/or
      4. warnings employing wording, that would clearly and adequately warn as to such inadvertent actuation risk employing universally understandable terms;
      5. the use of a predominate blinking and/or flashing light which indicates when any of the range's knobs have been turned to the "on" position;

f. the subject product, based upon its risks, was designed and manufactured in a defective and unreasonably dangerous manner when considered under the Pennsylvania Supreme Court's "consumer expectations" test, "risk-utility" test, both or otherwise.

61. As a direct and proximate result of such defects, Plaintiffs sustained and incurred damage to their real property, as well as the imposition of additional expenses and hardship.

62. For these reasons, Defendant Home Depot U.S.A., Inc. is strictly liable to Plaintiffs for the damages stated herein under Section 402A of the Restatement (2d) of Torts and the applicable case law of the Commonwealth of Pennsylvania.

63. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $200,000.00.

**WHEREFORE**, Plaintiff respectfully request judgment against Defendant, Home Depot U.S.A., Inc. jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an in excess of $200,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT VI – BREACH OF IMPLIED WARRANTY OF MERCHANTIABILITY**
**PLAINTIFF v. DEFENDANT HOME DEPOT U.S.A., INC.**

64. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

65. Defendant Home Depot USA, Inc. breached its implied warranty of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c) in that the subject product was not fit for the ordinary uses for which the subject product was used.

66. Plaintiffs' damages as set forth above occurred as a direct and proximate result of the breach by Defendant Home Depot USA, Inc. of its implied warranties of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c).

67. Plaintiffs have met any and all conditions precedent to recovery for such breaches.

68. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $200,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant, Home Depot USA, Inc. jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in excess of $200,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT VII – NEGLIGENCE**

**PLAINTIFF v. DEFENDANT THE HOME DEPOT, INC.**

69. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

70. Defendant The Home Depot, Inc. owed Plaintiffs a duty of reasonable care in regard to the manufacture, assembly, design, inspection, marketing and distribution, *inter alia*, of the product.

71. The damages suffered by Plaintiffs as described above were the direct and proximate result of negligence, carelessness, and/or other unlawful conduct of the Defendant The Home Depot, Inc. – itself, as well as by and through its employees, agents, technicians, suppliers and/or servants – more specifically described as follows:

a. failing to exercise reasonable care in the following manner:

i. failing to manufacture, assemble, sell, design, transport, distribute and/or market a properly functioning product;

ii. failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;

iii. failing to provide safe and adequate warnings or instructions with the product;

iv. manufacturing, marketing, distributing and/or selling the product when Defendant, The Home Depot, Inc. knew or should have known that the product and/or its component parts would be inadequate for the reasons for which it was purchased;

v. designing, manufacturing, marketing, distributing and/or selling the aforementioned subject product that is unreasonably dangerous and/or hazardous;

vi. designing, manufacturing, marketing, distributing and/or selling the subject product and failing to eliminate the avoidable danger of inadvertent actuation of the product;

vii. failing to conform its conduct in designing, manufacturing, marketing, distributing and/or selling the aforementioned subject product, when it

knew, or should have known, that its products had the dangerous and hazardous propensity of inadvertent actuation by accidental contact by humans or pets;

viii. failing to offer consumers, such as Plaintiffs, a less-hazardously designed and/or formulated product that would perform comparably to the actual product sold without its inherent damages (including its propensity of inadvertent actuation) such as the adoption and/or usage of three-operation activation knobs or "squeeze-push-and-turn knobs", amongst others;

ix. failing to adequately warn Plaintiffs and other consumers or users that the subject product was susceptible to inadvertent actuation;

x. failing to provide Plaintiffs and other consumers or users of the subject product with adequate and conspicuous warnings concerning the safe use of the subject product, which possess the dangerous and/or hazardous propensity of inadvertent actuation, as the subject product did not provide:
   1. warnings that were adequately prominent and conspicuous regarding the risk of inadvertent actuation;
   2. warning that were prominently and conspicuously written to warn of the risk of inadvertent actuation;

xi. failing to provide Plaintiffs and other consumers or users of the subject product with adequate information, instructions or warnings concerning the safe usage of the product, as the subject product did not provide:
   1. instructions that were adequately prominent and conspicuous;
   2. warnings that were prominently and conspicuously written regarding inadvertent actuation;
   3. instructions employing wording, location in the user manual that would adequately draw the user's attention to the inadvertent actuation risk; and/or
   4. instructions employing wording that would clearly and adequately instruct as to the proper usage of the product employing universally understandable terms; and/or

xii. designing, manufacturing, marketing, distributing and/or selling a product that Defendant knew, or should have known, was defective and unreasonably dangerous to consumers and other users, due to its risk of inadvertent actuation (which Defendant knew was often unrecognized, or under-appreciated, or simply overlooked or forgotten about);

b. failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

c. failing to adequately warn the Plaintiff and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

d. failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e. failing to properly monitor the work of all agents and/or employees during the performance of the tasks set forth in subparagraph (a) above to ensure compliance with applicable safety procedures;

f. failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above;

g. failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

h. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

72. As a direct and proximate result of this negligence, and such negligence having resulted in the damages Plaintiffs sustained, the Defendant The Home Depot, Inc. became liable to Plaintiffs.

73. As a direct and proximate result of the Defendant The Home Depot, Inc.'s aforementioned actions, and/or omissions, Defendant The Home Depot, Inc. acted negligently or carelessly, and is therefore liable to the Plaintiffs for the damages suffered.

74. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $200,000.00.

**WHEREFORE**, Plaintiff respectfully request judgment against Defendant, The Home Depot, Inc. jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an amount in excess of $200,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT VIII – STRICT LIABILITY**
**PLAINTIFF v. DEFENDANT THE HOME DEPOT, INC.**

75. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

76. Defendant The Home Depot, Inc. is engaged, and at all times relevant hereto were engaged, in the business of, *inter alia*, designing, assembling, manufacturing, selling, distributing and/or marketing, *inter alia*, appliances, and, specifically did so with the product at issue in this case.

77. Plaintiffs were the intended users/consumers of the subject product that was manufactured, designed, assembled, distributed, marketed, and/or sold by The Home Depot, Inc..

78. Defendant The Home Depot, Inc. manufactured, marketed, distributed, and/or sold the subject range in a defective condition, unreasonably dangerous to consumers.

79. Defendant The Home Depot, Inc. knew or should have known that the product would, and did, reach the Plaintiffs without substantial change in the condition in which originally manufactured, distributed and sold.

80. The aforementioned defects consisted of:

a. design defects, including, but not limited to:
    i. designing a product that was able to be turned to the "on" position by a single continuous motion;
    ii. designing a product that had the propensity for inadvertent actuation by accidental contact by humans or pets;
    iii. designing a product that failed to conform to its intended design of two-operation activation;
    iv. designing a product that did not have any guards over the knobs to reduce the risk of inadvertent actuation;
    v. designing a product that failed to employ safety mechanisms which would have prevented the inadvertent operation of the product; such as
        1. the addition of buttons and/or locks on the control knobs;
        2. the addition of a keypad button to the range's electric center control console which would activate power to the control knobs to be turned on or off;

3. the addition of a predominate blinking and/or flashing light which indicates when any of the range's knobs have been turned to the "on" position;
4. the adoption and/or usage of three-operation activation knobs or "squeeze-push-and-turn knobs";
5. the removal of control knobs altogether for an electronic key/button control pad

vi. designing a product that failed to eliminate the avoidable danger of inadvertent actuation of the product;

b. manufacturing defects, including, but not limited to:

i. manufacturing a product that was able to be turned to the "on" position by a single continuous motion;

ii. manufacturing a product that had the propensity for inadvertent actuation by inadvertent contact by humans or pets;

iii. manufacturing a product that failed to conform to its intended design of two-operation activation;

iv. manufacturing a product that did not have any guards over the knobs to reduce the risk of inadvertent actuation;

v. manufacturing a product that failed to employ safety mechanisms which would have prevented the inadvertent operation of the product; such as

1. the addition of buttons and/or locks on the control knobs;
2. the addition of a keypad button to the range's electric center control console which would activate power to the control knobs to be turned on or off;
3. the addition of a predominate blinking and/or flashing light which indicates when any of the range's knobs have been turned to the "on" position;
4. the adoption and/or usage of three-operation activation knobs or "squeeze-push-and-turn knobs";
5. the removal of control knobs altogether for an electronic key/button control pad amongst many other alternative safer designs.

vi. manufacturing a product that failed to eliminate the avoidable danger of inadvertent actuation of the product;

c. component defects;

d. use-instruction and/or warnings, including, but not limited to:

i. failing to provide Plaintiffs and other consumers or users of the subject product with adequate and conspicuous warnings concerning the safe use of the subject product, which possess the dangerous and/or hazardous propensity of inadvertent actuation, as the subject product did not provide:

1. warnings that were adequately prominent and conspicuous;
2. warning that were in a prominent and conspicuous location;

3. warnings employing wording, that would adequately draw the user's attention to the inadvertent actuation risk; and/or
4. warnings employing wording, that would clearly and adequately warn consumers as to such inadvertent actuation risk employing universally understandable terms;
5. the use of a predominate blinking and/or flashing light which indicates when any of the range's knobs have been turned to the "on" position;

e. a failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe use instructions, including, but not limited to:
   i. failing to provide Plaintiffs and other consumers or users of the subject product with adequate information, instructions or warnings concerning the safe usage of the product, as the subject product did not provide:
      1. warnings that were adequately prominent and conspicuous;
      2. warning that were in a prominent and conspicuous location in the user manual;
      3. warnings employing wording, that would adequately draw the user's attention to the inadvertent actuation risk; and/or
      4. warnings employing wording, that would clearly and adequately warn as to such inadvertent actuation risk employing universally understandable terms;
      5. the use of a predominate blinking and/or flashing light which indicates when any of the range's knobs have been turned to the "on" position;

f. the subject product, based upon its risks, was designed and manufactured in a defective and unreasonably dangerous manner when considered under the Pennsylvania Supreme Court's "consumer expectations" test, "risk-utility" test, both or otherwise.

81. As a direct and proximate result of such defects, Plaintiffs sustained and incurred damage to their real property, as well as the imposition of additional expenses and hardship.

82. For these reasons, Defendant The Home Depot, Inc. is strictly liable to Plaintiffs for the damages stated herein under Section 402A of the Restatement (2d) of Torts and the applicable case law of the Commonwealth of Pennsylvania.

83. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $200,000.00.

**WHEREFORE**, Plaintiff respectfully request judgment against Defendant, The Home Depot, Inc. jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an in excess of $200,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT IX – BREACH OF IMPLIED WARRANTY OF MERCHANTIABILITY PLAINTIFF v. DEFENDANT THE HOME DEPOT, INC.**

84. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

85. Defendant The Home Depot, Inc. breached its implied warranty of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c) in that the subject product was not fit for the ordinary uses for which the subject product was used.

86. Plaintiffs' damages as set forth above occurred as a direct and proximate result of the breach by Defendant The Home Depot, Inc. of its implied warranties of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c).

87. Plaintiffs have met any and all conditions precedent to recovery for such breaches.

88. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $200,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant, The Home Depot, Inc. jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in excess of $200,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT X – NEGLIGENCE**

**PLAINTIFF v. DEFENDANT ABC MANUFACTURING COMPANY(IES) 1-5**

89. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

90. Defendant ABC Manufacturing Company(ies) 1-5 owed Plaintiffs a duty of reasonable care in regard to the manufacture, assembly, design, inspection, marketing and distribution, *inter alia*, of the product.

91. The damages suffered by Plaintiffs as described above were the direct and proximate result of negligence, carelessness, and/or other unlawful conduct of the Defendant ABC Manufacturing Company(ies) 1-5 – itself, as well as by and through its employees, agents, technicians, suppliers and/or servants – more specifically described as follows:

a. failing to exercise reasonable care in the following manner:

i. failing to manufacture, assemble, sell, design, transport, distribute and/or market a properly functioning product;

ii. failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;

iii. failing to provide safe and adequate warnings or instructions with the product;

iv. manufacturing, marketing, distributing and/or selling the product when Defendant, ABC Manufacturing Company(ies) 1-5 knew or should have known that the product and/or its component parts would be inadequate for the reasons for which it was purchased;

v. designing, manufacturing, marketing, distributing and/or selling the aforementioned subject product that is unreasonably dangerous and/or hazardous;

vi. designing, manufacturing, marketing, distributing and/or selling the subject product and failing to eliminate the avoidable danger of inadvertent actuation of the product;

vii. failing to conform its conduct in designing, manufacturing, marketing, distributing and/or selling the aforementioned subject product, when it

knew, or should have known, that its products had the dangerous and hazardous propensity of inadvertent actuation by accidental contact by humans or pets;

viii. failing to offer consumers, such as Plaintiffs, a less-hazardously designed and/or formulated product that would perform comparably to the actual product sold without its inherent damages (including its propensity of inadvertent actuation) such as the adoption and/or usage of three-operation activation knobs or "squeeze-push-and-turn knobs", amongst others;

ix. failing to adequately warn Plaintiffs and other consumers or users that the subject product was susceptible to inadvertent actuation;

x. failing to provide Plaintiffs and other consumers or users of the subject product with adequate and conspicuous warnings concerning the safe use of the subject product, which possess the dangerous and/or hazardous propensity of inadvertent actuation, as the subject product did not provide:
   1. warnings that were adequately prominent and conspicuous regarding the risk of inadvertent actuation;
   2. warning that were prominently and conspicuously written to warn of the risk of inadvertent actuation;

xi. failing to provide Plaintiffs and other consumers or users of the subject product with adequate information, instructions or warnings concerning the safe usage of the product, as the subject product did not provide:
   1. instructions that were adequately prominent and conspicuous;
   2. warnings that were prominently and conspicuously written regarding inadvertent actuation;
   3. instructions employing wording, location in the user manual that would adequately draw the user's attention to the inadvertent actuation risk; and/or
   4. instructions employing wording that would clearly and adequately instruct as to the proper usage of the product employing universally understandable terms; and/or

xii. designing, manufacturing, marketing, distributing and/or selling a product that Defendant knew, or should have known, was defective and unreasonably dangerous to consumers and other users, due to its risk of inadvertent actuation (which Defendant knew was often unrecognized, or under-appreciated, or simply overlooked or forgotten about);

b. failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

c. failing to adequately warn the Plaintiff and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

d. failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e. failing to properly monitor the work of all agents and/or employees during the performance of the tasks set forth in subparagraph (a) above to ensure compliance with applicable safety procedures;

f. failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above;

g. failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

h. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

92. As a direct and proximate result of this negligence, and such negligence having resulted in the damages Plaintiffs sustained, the Defendant ABC Manufacturing Company(ies) 1-5 became liable to Plaintiffs.

93. As a direct and proximate result of the Defendant ABC Manufacturing Company(ies) 1-5's aforementioned actions, and/or omissions, Defendant ABC Manufacturing Company(ies) 1-5 acted negligently or carelessly, and is therefore liable to the Plaintiffs for the damages suffered.

94. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $200,000.00.

**WHEREFORE**, Plaintiff respectfully request judgment against Defendant, ABC Manufacturing Company(ies) 1-5 jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an amount in excess of $200,000.00, plus costs incident to

this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT XI – STRICT LIABILITY**
**PLAINTIFF v. DEFENDANT ABC MANUFACTURING COMPANY(IES) 1-5**

95. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

96. Defendant ABC Manufacturing Company(ies) 1-5 is engaged, and at all times relevant hereto were engaged, in the business of, *inter alia*, designing, assembling, manufacturing, selling, distributing and/or marketing, *inter alia*, appliances, and, specifically did so with the product at issue in this case.

97. Plaintiffs were the intended users/consumers of the subject product that was manufactured, designed, assembled, distributed, marketed, and/or sold by ABC Manufacturing Company(ies) 1-5.

98. Defendant ABC Manufacturing Company(ies) 1-5 manufactured, marketed, distributed, and/or sold the subject range in a defective condition, unreasonably dangerous to consumers.

99. Defendant ABC Manufacturing Company(ies) 1-5 knew or should have known that the product would, and did, reach the Plaintiffs without substantial change in the condition in which originally manufactured, distributed and sold.

100. The aforementioned defects consisted of:

a. design defects, including, but not limited to:
   i. designing a product that was able to be turned to the “on” position by a single continuous motion;
   ii. designing a product that had the propensity for inadvertent actuation by accidental contact by humans or pets;
   iii. designing a product that failed to conform to its intended design of two-operation activation;

iv. designing a product that did not have any guards over the knobs to reduce the risk of inadvertent actuation;

v. designing a product that failed to employ safety mechanisms which would have prevented the inadvertent operation of the product; such as

1. the addition of buttons and/or locks on the control knobs;
2. the addition of a keypad button to the range's electric center control console which would activate power to the control knobs to be turned on or off;
3. the addition of a predominate blinking and/or flashing light which indicates when any of the range's knobs have been turned to the "on" position;
4. the adoption and/or usage of three-operation activation knobs or "squeeze-push-and-turn knobs";
5. the removal of control knobs altogether for an electronic key/button control pad

vi. designing a product that failed to eliminate the avoidable danger of inadvertent actuation of the product;

b. manufacturing defects, including, but not limited to:

i. manufacturing a product that was able to be turned to the "on" position by a single continuous motion;

ii. manufacturing a product that had the propensity for inadvertent actuation by inadvertent contact by humans or pets;

iii. manufacturing a product that failed to conform to its intended design of two-operation activation;

iv. manufacturing a product that did not have any guards over the knobs to reduce the risk of inadvertent actuation;

v. manufacturing a product that failed to employ safety mechanisms which would have prevented the inadvertent operation of the product; such as

1. the addition of buttons and/or locks on the control knobs;
2. the addition of a keypad button to the range's electric center control console which would activate power to the control knobs to be turned on or off;
3. the addition of a predominate blinking and/or flashing light which indicates when any of the range's knobs have been turned to the "on" position;
4. the adoption and/or usage of three-operation activation knobs or "squeeze-push-and-turn knobs";
5. the removal of control knobs altogether for an electronic key/button control pad amongst many other alternative safer designs.

vi. manufacturing a product that failed to eliminate the avoidable danger of inadvertent actuation of the product;

c. component defects;

d. use-instruction and/or warnings, including, but not limited to:
   i. failing to provide Plaintiffs and other consumers or users of the subject product with adequate and conspicuous warnings concerning the safe use of the subject product, which possess the dangerous and/or hazardous propensity of inadvertent actuation, as the subject product did not provide:
      1. warnings that were adequately prominent and conspicuous;
      2. warning that were in a prominent and conspicuous location;
      3. warnings employing wording, that would adequately draw the user's attention to the inadvertent actuation risk; and/or
      4. warnings employing wording, that would clearly and adequately warn consumers as to such inadvertent actuation risk employing universally understandable terms;
      5. the use of a predominate blinking and/or flashing light which indicates when any of the range's knobs have been turned to the "on" position;

e. a failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe use instructions, including, but not limited to:
   i. failing to provide Plaintiffs and other consumers or users of the subject product with adequate information, instructions or warnings concerning the safe usage of the product, as the subject product did not provide:
      1. warnings that were adequately prominent and conspicuous;
      2. warning that were in a prominent and conspicuous location in the user manual;
      3. warnings employing wording, that would adequately draw the user's attention to the inadvertent actuation risk; and/or
      4. warnings employing wording, that would clearly and adequately warn as to such inadvertent actuation risk employing universally understandable terms;
      5. the use of a predominate blinking and/or flashing light which indicates when any of the range's knobs have been turned to the "on" position;

f. the subject product, based upon its risks, was designed and manufactured in a defective and unreasonably dangerous manner when considered under the Pennsylvania Supreme Court's "consumer expectations" test, "risk-utility" test, both or otherwise.

101. As a direct and proximate result of such defects, Plaintiffs sustained and incurred damage to their real property, as well as the imposition of additional expenses and hardship.

102. For these reasons, Defendant ABC Manufacturing Company(ies) 1-5 is strictly liable to Plaintiffs for the damages stated herein under Section 402A of the Restatement (2d) of Torts and the applicable case law of the Commonwealth of Pennsylvania.

103. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $200,000.00.

**WHEREFORE**, Plaintiff respectfully request judgment against Defendant, ABC Manufacturing Company(ies) 1-5 jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an in excess of $200,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT XII – BREACH OF IMPLIED WARRANTY OF MERCHANTIABILITY**
**PLAINTIFF v. DEFENDANT ABC MANUFACTURING COMPANY(IES) 1-5**

104. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

105. Defendant ABC Manufacturing Company(ies) 1-5 breached its implied warranty of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c) in that the subject product was not fit for the ordinary uses for which the subject product was used.

106. Plaintiffs' damages as set forth above occurred as a direct and proximate result of the breach by Defendant ABC Manufacturing Company(ies) 1-5 of its implied warranties of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c).

107. Plaintiffs have met any and all conditions precedent to recovery for such breaches.

108. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $200,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant, ABC Manufacturing Company(ies) 1-5 jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in excess of $200,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT XIII – NEGLIGENCE**
**PLAINTIFF v. DEFENDANT ABC SALES COMPANY(IES) 1-5**

109. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

110. Defendant ABC Sales Company(ies) 1-5 owed Plaintiffs a duty of reasonable care in regard to the manufacture, assembly, design, inspection, marketing and distribution, *inter alia*, of the product.

111. The damages suffered by Plaintiffs as described above were the direct and proximate result of negligence, carelessness, and/or other unlawful conduct of the Defendant ABC Sales Company(ies) 1-5 – itself, as well as by and through its employees, agents, technicians, suppliers and/or servants – more specifically described as follows:

a. failing to exercise reasonable care in the following manner:

   i. failing to manufacture, assemble, sell, design, transport, distribute and/or market a properly functioning product;

   ii. failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;

   iii. failing to provide safe and adequate warnings or instructions with the product;

   iv. manufacturing, marketing, distributing and/or selling the product when Defendant, ABC Sales Company(ies) 1-5 knew or should have known that the product and/or its component parts would be inadequate for the reasons for which it was purchased;

v. designing, manufacturing, marketing, distributing and/or selling the aforementioned subject product that is unreasonably dangerous and/or hazardous;

vi. designing, manufacturing, marketing, distributing and/or selling the subject product and failing to eliminate the avoidable danger of inadvertent actuation of the product;

vii. failing to conform its conduct in designing, manufacturing, marketing, distributing and/or selling the aforementioned subject product, when it knew, or should have known, that its products had the dangerous and hazardous propensity of inadvertent actuation by accidental contact by humans or pets;

viii. failing to offer consumers, such as Plaintiffs, a less-hazardously designed and/or formulated product that would perform comparably to the actual product sold without its inherent damages (including its propensity of inadvertent actuation) such as the adoption and/or usage of three-operation activation knobs or “squeeze-push-and-turn knobs”, amongst others;

ix. failing to adequately warn Plaintiffs and other consumers or users that the subject product was susceptible to inadvertent actuation;

x. failing to provide Plaintiffs and other consumers or users of the subject product with adequate and conspicuous warnings concerning the safe use of the subject product, which possess the dangerous and/or hazardous propensity of inadvertent actuation, as the subject product did not provide:
    1. warnings that were adequately prominent and conspicuous regarding the risk of inadvertent actuation;
    2. warning that were prominently and conspicuously written to warn of the risk of inadvertent actuation;

xi. failing to provide Plaintiffs and other consumers or users of the subject product with adequate information, instructions or warnings concerning the safe usage of the product, as the subject product did not provide:
    1. instructions that were adequately prominent and conspicuous;
    2. warnings that were prominently and conspicuously written regarding inadvertent actuation;
    3. instructions employing wording, location in the user manual that would adequately draw the user’s attention to the inadvertent actuation risk; and/or

4. instructions employing wording that would clearly and adequately instruct as to the proper usage of the product employing universally understandable terms; and/or

xii. designing, manufacturing, marketing, distributing and/or selling a product that Defendant knew, or should have known, was defective and unreasonably dangerous to consumers and other users, due to its risk of inadvertent actuation (which Defendant knew was often unrecognized, or under-appreciated, or simply overlooked or forgotten about);

b. failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

c. failing to adequately warn the Plaintiff and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

d. failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e. failing to properly monitor the work of all agents and/or employees during the performance of the tasks set forth in subparagraph (a) above to ensure compliance with applicable safety procedures;

f. failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above;

g. failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

h. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

112. As a direct and proximate result of this negligence, and such negligence having resulted in the damages Plaintiffs sustained, the Defendant ABC Sales Company(ies) 1-5 became liable to Plaintiffs.

113. As a direct and proximate result of the Defendant ABC Sales Company(ies) 1-5's aforementioned actions, and/or omissions, Defendant ABC Sales Company(ies) 1-5 acted negligently or carelessly, and is therefore liable to the Plaintiffs for the damages suffered.

114. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $200,000.00.

**WHEREFORE**, Plaintiff respectfully request judgment against Defendant, ABC Sales Company(ies) 1-5 jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an amount in excess of $200,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT XIV – STRICT LIABILITY**
**PLAINTIFF v. DEFENDANT ABC SALES COMPANY(IES) 1-5**

115. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

116. Defendant ABC Sales Company(ies) 1-5 is engaged, and at all times relevant hereto were engaged, in the business of, *inter alia*, designing, assembling, manufacturing, selling, distributing and/or marketing, *inter alia*, appliances, and, specifically did so with the product at issue in this case.

117. Plaintiffs were the intended users/consumers of the subject product that was manufactured, designed, assembled, distributed, marketed, and/or sold by ABC Sales Company(ies) 1-5.

118. Defendant ABC Sales Company(ies) 1-5 manufactured, marketed, distributed, and/or sold the subject range in a defective condition, unreasonably dangerous to consumers.

119. Defendant ABC Sales Company(ies) 1-5 knew or should have known that the product would, and did, reach the Plaintiffs without substantial change in the condition in which originally manufactured, distributed and sold.

120. The aforementioned defects consisted of:

a. design defects, including, but not limited to:
   i. designing a product that was able to be turned to the "on" position by a single continuous motion;
   ii. designing a product that had the propensity for inadvertent actuation by accidental contact by humans or pets;
   iii. designing a product that failed to conform to its intended design of two-operation activation;
   iv. designing a product that did not have any guards over the knobs to reduce the risk of inadvertent actuation;
   v. designing a product that failed to employ safety mechanisms which would have prevented the inadvertent operation of the product; such as
      1. the addition of buttons and/or locks on the control knobs;
      2. the addition of a keypad button to the range's electric center control console which would activate power to the control knobs to be turned on or off;
      3. the addition of a predominate blinking and/or flashing light which indicates when any of the range's knobs have been turned to the "on" position;
      4. the adoption and/or usage of three-operation activation knobs or "squeeze-push-and-turn knobs";
      5. the removal of control knobs altogether for an electronic key/button control pad
   vi. designing a product that failed to eliminate the avoidable danger of inadvertent actuation of the product;

b. manufacturing defects, including, but not limited to:
   i. manufacturing a product that was able to be turned to the "on" position by a single continuous motion;
   ii. manufacturing a product that had the propensity for inadvertent actuation by inadvertent contact by humans or pets;
   iii. manufacturing a product that failed to conform to its intended design of two-operation activation;
   iv. manufacturing a product that did not have any guards over the knobs to reduce the risk of inadvertent actuation;
   v. manufacturing a product that failed to employ safety mechanisms which would have prevented the inadvertent operation of the product; such as
      1. the addition of buttons and/or locks on the control knobs;

2. the addition of a keypad button to the range's electric center control console which would activate power to the control knobs to be turned on or off;
3. the addition of a predominate blinking and/or flashing light which indicates when any of the range's knobs have been turned to the "on" position;
4. the adoption and/or usage of three-operation activation knobs or "squeeze-push-and-turn knobs";
5. the removal of control knobs altogether for an electronic key/button control pad amongst many other alternative safer designs.

vi. manufacturing a product that failed to eliminate the avoidable danger of inadvertent actuation of the product;

c. component defects;

d. use-instruction and/or warnings, including, but not limited to:

i. failing to provide Plaintiffs and other consumers or users of the subject product with adequate and conspicuous warnings concerning the safe use of the subject product, which possess the dangerous and/or hazardous propensity of inadvertent actuation, as the subject product did not provide:

1. warnings that were adequately prominent and conspicuous;
2. warning that were in a prominent and conspicuous location;
3. warnings employing wording, that would adequately draw the user's attention to the inadvertent actuation risk; and/or
4. warnings employing wording, that would clearly and adequately warn consumers as to such inadvertent actuation risk employing universally understandable terms;
5. the use of a predominate blinking and/or flashing light which indicates when any of the range's knobs have been turned to the "on" position;

e. a failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe use instructions, including, but not limited to:

i. failing to provide Plaintiffs and other consumers or users of the subject product with adequate information, instructions or warnings concerning the safe usage of the product, as the subject product did not provide:

1. warnings that were adequately prominent and conspicuous;
2. warning that were in a prominent and conspicuous location in the user manual;
3. warnings employing wording, that would adequately draw the user's attention to the inadvertent actuation risk; and/or

4. warnings employing wording, that would clearly and adequately warn as to such inadvertent actuation risk employing universally understandable terms;
5. the use of a predominate blinking and/or flashing light which indicates when any of the range's knobs have been turned to the "on" position;

f. the subject product, based upon its risks, was designed and manufactured in a defective and unreasonably dangerous manner when considered under the Pennsylvania Supreme Court's "consumer expectations" test, "risk-utility" test, both or otherwise.

121. As a direct and proximate result of such defects, Plaintiffs sustained and incurred damage to their real property, as well as the imposition of additional expenses and hardship.

122. For these reasons, Defendant ABC Sales Company(ies) 1-5 is strictly liable to Plaintiffs for the damages stated herein under Section 402A of the Restatement (2d) of Torts and the applicable case law of the Commonwealth of Pennsylvania.

123. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $200,000.00.

**WHEREFORE**, Plaintiff respectfully request judgment against Defendant, ABC Sales Company(ies) 1-5, jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an in excess of $200,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT XV BREACH OF IMPLIED WARRANTY OF MERCHANTIABILITY**
**PLAINTIFF v. DEFENDANT ABC SALES COMPANY(IES) 1-5**

124. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

125. Defendant ABC Sales Company(ies) 1-5 breached its implied warranty of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c) in that the subject product was not fit for the ordinary uses for which the subject product was used.

126. Plaintiffs' damages as set forth above occurred as a direct and proximate result of the breach by Defendant ABC Sales Company(ies) 1-5 of its implied warranties of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c).

127. Plaintiffs have met any and all conditions precedent to recovery for such breaches.

128. As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $200,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant, ABC Sales Company(ies) 1-5 jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in excess of $200,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**de LUCA LEVINE LLC**

**BY:** ______________________________
JAMES P. CARFAGNO
ATTORNEYS FOR PLAINTIFFS,
VICTOR MAJOR AND ETTA DAVIS

**Dated:** November 11, 2025

**VERIFICATION**

I, Renee Parker, under the penalties of perjury, state that I am a representative of Allstate Vehicle and Property Insurance Company, the real party in interest, that I am authorized to make this verification on behalf of Allstate, that I have read the Complaint; that I do not have, and am informed that no single officer or agent of Allstate has personal knowledge of all matters set forth in the Complaint; that the Complaint was prepared by counsel from information provided by myself and certain employees from Allstate who were designated to assemble such material and are based on their personal knowledge or that of other persons who were consulted and on examination of records maintained by Allstate during the regular course of business; and that upon information and belief the Complaint is true and correct to the best of my knowledge after due inquiry. This verification is made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

DATE: 11/11/2025

Renee Parker

Renee Parker, An Authorized
Representative of Allstate Vehicle and
Property Insurance Company

# EXHIBIT A

> PO #55547770

STATUS Done PO Actions

SPECIAL ORDER PRODUCTS
UNIT PRICE
QUANTITY
SUBTOTAL



S0101 SKU #1006201314 MODEL #NE63A6511SS INTERNET #315616497

Samsung 6.3 Cu.Ft. 5 Burner Element Smart Wi-Fi Enabled Convection Electric Range With No Preheat Airfry In Stainless Stee

$748.00
/
each
1
$748.00

PARTS & SERVICES

M933-Range Power Cord $32.85 / each

DIY

Victor Majors

(484) 790-2030
vicmajorsjr@gmail.com

BILLING ADDRESS
221 Union Avenue
Coatesville, Pa 19320

Subtotal

---

7/28/24, 10:42 AM OrderUpView - VICTOR MAJORS

Welcome FRANK V Store# 8955 Location WEST SADSBURY

Order Up

Search by customer name, order, phone or P number Support Logout

< Back

Order Summary: H8955-121880 (Legacy# 460761)

ORDER STATUS DONE

DATE CREATED 07/09/23 SUN

JOB NAME stove

Products
History
Communications (0)

Modify Order

Delivery | WO #93607183

Actions

FULFILLMENT TYPE
Delivery(2 items)

STATUS
Delivery Completed
Open Delivery Tracker

WORK ORDER #
93607183

FULFILLING LOCATION
HOME DEPOT M

DELIVERY ADDRESS
221 Union Ave
Coatesville, PA 19320
(484) 790-2030

View

DELIVERY DATE
Saturday
July 22
All Day

View

DELIVERY CHA
$0.00

STATUS Done PO Actions

> PO #55547770

Help us improve

SPECIAL ORDER PRODUCTS
UNIT PRICE
QUANTITY
SUBTOTAL

MODEL #NE63A6511SS INTERNET #315616497

Range With No Preheat Airfry In Stainless Steel